POST *v.* SIMMONS *et al.*

*(Supreme Court, General Term, First Department.* February 14, 1890.)

APPEAL—INTERLOCUTORY JUDGMENT—REVIEW OF FINAL JUDGMENT.

> In an action for the return of stock and recovery of money deposited with defendants, an interlocutory judgment was entered directing a return of the stock to plaintiff, a reference for an accounting, and that, when the report of the referee should be confirmed, final judgment should be entered for plaintiff. *Held,* on appeal from the final judgment so entered, that the interlocutory judgment, not being before the court in any form for its re-examination, would be held final as to the rights and obligations adjudged, and that, the referee having adhered to the directions given him by that judgment, no ground was presented upon which the final judgment could be impeached or disturbed.

Appeal from special term, New York county.

Action by Charles A. Post against William A. Simmons, A. Foster Higgins, and Charles M. Fry. Defendants appeal from the judgment entered in favor of plaintiff on report of referee.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Evarts, Choate & Beaman,* for appellants. *North, Ward & Wagstaff,* (*J. Langdon Ward,* of counsel,) for respondents.

DANIELS, J. The action was brought by the plaintiff in his own behalf, and as assignee of other owners of shares of stock in the Spring Valley Hydraulic Gold Company, for the return of shares deposited by them with the

Knickerbocker Trust Company, and also for the recovery of the moneys deposited with the company at the time of the delivery of the shares of stock to it. These shares were delivered, and the money was deposited, under an agreement for the reorganization of the company by means of another corporation to be created under the laws of the state of California, and providing for the foreclosure of a mortgage upon the property of the Spring Valley Hydraulic Gold Company, and its purchase by a committee appointed for that purpose, and its subsequent transfer to the company to be created under the laws of the state of California. After this plan was adopted and agreed upon, the persons having its execution committed to them failed to have the mortgage foreclosed, as that had been agreed upon and provided for, but secured the creation of another corporation in the state of California, and then conveyed the property of the Spring Valley Hydraulic Gold Company to that corporation. The plaintiff and the stockholders who assigned their shares to him, and those who have made themselves parties to the action, dissented from this change in the mode of proceeding provided for and adopted, and alleged this departure or change to be entirely unauthorized; and this action was brought for the recovery of the shares deposited under the agreement, and of so much of the money also deposited with the shares as had not been expended under the terms of, and pursuant to, the agreement. The action was brought to trial at the special term, and an interlocutory judgment recovered by the plaintiff for the return of these shares, and of so much of the deposit in money as had not been expended in and about the promotion of the plan provided for by the agreement. The defendants failed to appear at the trial, which took place before the special term, resulting in the interlocutory judgment, and afterwards made a motion to be relieved from their default. This was denied by the court, and an apppeal taken from the order to the general term, where it was affirmed. 1 N. Y. Supp. 572. This affirmance proceeded in part upon the fact that the plaintiff, and the other persons identified with him, had recovered no more by the interlocutory judgment than the relief they were entitled to secure under the agreement made, and the other facts appearing upon the trial; and, so far as this judgment proceeded, it became conclusive as to the rights of the parties, and the disposition which should be made of the action. This interlocutory judgment directed a reference to take and state the account of the defendants relating to the moneys deposited by the stockholders with the trust company; and, when the report should be confirmed, it directed final judgment to be entered in favor of the plaintiff, and the other persons who became parties to the action. Under the authority of this direction, a referee was appointed, before whom the accounting has taken place; and he reported the amount payable to the plaintiff, and also to others who had come in and made themselves parties to the action, on account of the deposit of the moneys with the trust company. Exceptions were filed to the referee's report, which have been overruled, and final judgment entered pursuant to the authority of the interlocutory judgment. It has not been contended that the referee, in the taking of the accounts and ascertaining the amounts of money to be paid over, departed in any essential respect from the authority conferred, and the directions contained in the interlocutory judgment. By his report, and the evidence given upon the hearing before him, it appears that he has substantially conformed to the directions and determination of the case as they were given and adjudged in that judgment. If that judgment was right, as it must be assumed to be, for the disposition of the present appeal, then no further relief has been secured in the final judgment than that which the proofs before the referee, and his report, indicated to be proper, and was fully sustained. The interlocutory judgment is not before this court, in any form, for its re-examination, and is consequently to be held final as to the rights and obligations adjudged and declared through its provisions; and as the referee, in the hearing

## 114

NEW YORK SUPPLEMENT, vol. 9.

[Sup. Ct.

before him, and the decision which he has made, has adhered to the directions given for his government by the interlocutory judgment, no ground is presented upon which the final judgment from which the appeal has been taken can be in any manner impeached or disturbed. The plaintiff, on the contrary, appears to be entitled to the affirmance of that judgment, and such a disposition should be made of this appeal, with costs. All concur.